**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| **THOMAS QUINN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION No._____** |
| | ) | |
| **CAPE COD POTATO CHIP** | ) | |
| **COMPANY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

## I. INTRODUCTION

This case involves a claim of breach of contract and violation of the Massachusetts

Consumer Protection Statute, M.G.L.A c. 93A, sec. 1, et.seq, relating to a contractual

relationship between the parties.

## II. JURISDICTION

Diversity Jurisdiction is claimed pursuant to 28 USC 132.

.

## AMOUNT IN CONTROVERSY

The amount in controversy exceeds $75,000.00.

## PARTIES

1.    The Plaintiff, Thomas Quinn, is an individual residing at 13 Walker Road, Apartment 10, North Andover, MA 01845.

2.    Cape Cod Potato Chip Company is a Corporation at all relevant times licensed to conduct business in Massachusetts, with a principal place of business at 8600 South Boulevard, Charlotte, North Carolina 28273 (Cape Cod).

## FACTS

3.    On August 25, 1996, Cape Cod made a presentation to the Plaintiff, d/b/a Quinn Distributors and other independent operators purchasing under contract through L&L Distributors, Inc., of Salem, New Hampshire (L&L), whereby Cape Cod urged said individuals to attempt to secure supermarket/grocery buyers for Cape Cod Chips, at a promised 18% profit to such operators.

4.    At the time of said presentation, the Plaintiff was purchasing his food stock through L&L, pursuant to the aforesaid written contract.

5.    As a result of said presentation, the Plaintiff accepted the contract terms form Cape Cod, and contacted several store locations, including the Brighton, Massachusetts, Bread & Circus Store (Bread & Circus), and secured an agreement to provide Cape Cod stock to all Bread and Circus accounts in Eastern Massachusetts, which agreement was recognized by L&L.

6.    On the morning of March 31, 1997, the Plaintiff delivered a Cape Cod set up to Bread & Circus, consisting of 216 Units of product.

7.    At about noon time on April 1 , 1997, a representative of L&L contacted Plaintiff and informed him that said set up was to be removed immediately from Bread and Circus, whereupon said set up was in fact removed.

8.    The Plaintiff ultimately contacted the manager of Bread & Circus and inquired as to why the set up was removed and was informed that the manager now wishes the set up to occur on July 1, 1997 for all Bread and Circus stores referred to in paragraph 5 herein.

9.    Upon receiving this information, the Plaintiff contacted a James Melchen, a L&L representative, and was told "not to worry, and that everything is ok."

10.    Thereafter, the Plaintiff attempted to schedule and confirm with the said James Melchen the July 1, 1997 set-up date with all Bread & Circus stores referenced in paragraph 5 herein.  Melchen, however, refused to allow the Plaintiff to contact Michael Fritz, the Cape Cod representative for the Plaintiff's area, to discuss the situation.

11.    On September 1, 1997, the Plaintiff learned from Ronald LeBlanc, the then Cape Cod representative for Plaintiff's area, that Plaintiff's account had been taken away and given to a third-party distributor (Stow Mills).

12.    As a result of Plaintiff's efforts to secure the Bread & Circus Accounts, Cape Cod received a benefit.

13.    As a result of Cape Cod's canceling the agreement with the Plaintiff to provide stock to the Bread and Circus Stores, the Plaintiff was damaged, and in fact lost his sales rights with L&L.

14.    From 1997 through the end of 2013, the plaintiff sought to exercise his contract rights without success, given the ongoing interference by the defendant Cape Cod Chips.

## COUNT I – BREACH OF CONTRACT

15.    Paragraphs 1-14 hereof are hereby realleged and reaverred.

16.    Cape Cod's refusal to allow the Plaintiff to receive shipments of its chips to be delivered to Bread and Circus and its further interference with Plaintiffs' relationship with the Bread & Circus stores constitutes a breach of contract, Which Breach of Contract is ongoing

## COUNT II - CHAPTER 93A

17.    Paragraphs 1-15 hereof are hereby realleged and reaverred.

18.    Cape Cod is a business as defined by M.G.L. c.93A, §11.

19.    Cape Cod breached M.G.L. c. 93A §1 et seq., the Consumer Protection Statute in that:

    a.    Cape Cod interfered with the Plaintiff's business relations with Bread & Circus, and

    b.    that Plaintiff had secured accounts with Bread & Circus stores, and other stores, and immediately thereafter, Cape Cod canceled his account and assigned said stores to a third-party distributor.

    c.    Cape Cod failed to permit the plaintiff to exercise his rights under the contract.

WHEREFORE, Plaintiff Thomas Quinn requests that this Court:

1.    Award him damages against the Defendant at Cape Cod Chip Company for all damages suffered as a result of the action alleged hereunder;

2.    award legal fees; and

3.    award any and all costs that this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

RESPECTFULLY SUBMITTED
Thomas Quinn, Plaintiff
 By his Attorney,

_____2.23.17_____                      _____/s/ Mark J. Favaloro_____
Date                                      Mark J. Favaloro, Esq. MA BBO# 160330
                                          FAVALORO LAW
                                          159 Haven Street, Suite 1
                                           Reading, MA 01867
                                          Phone: 781.439.9267
                                          Fax:    888.581.6129
                                          Email: mark@markfavaloro.com